Lakshmi Jagannath, Esq. (027523)
Kristin McDonald, Esq. (027082)
**McCARTHY & HOLTHUS, LLP**
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258
Phone (877) 369-6122
Fax (480) 302-4101
bknotice@mccarthyholthus.com

Attorneys for Movant,
LSF9 Master Participation Trust

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re: <br><br> 4805, L.L.C., <br><br> Debtor. <br>_____ <br> LSF9 Master Participation Trust, <br><br> Movant, <br><br> v. <br><br> 4805, L.L.C., Debtor, <br><br> Respondents. | Case No. 2:15-bk-13269-PS <br><br> Chapter 11 <br><br> **MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF ESTATE PROPERTY** <br><br> Re:  Real Property Located at <br>       4805 East Valley Vista Ln <br>       Paradise Valley, AZ 85253 |

LSF9 Master Participation Trust ("Movant"), by and through its undersigned attorney, moves for termination of all stays and injunctions, and abandonment of estate property,

pursuant to 11 U.S.C. §§ 362(d), 554(b) and 105, Federal Rules of Bankruptcy Procedure 4001, 6007 and 9014 and Local Rules of Bankruptcy Procedure 4001, and 6007 regarding the real property generally described as 4805 East Valley Vista Ln, Paradise Valley, AZ 85253 ("Property").

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: April 18, 2016

**McCARTHY & HOLTHUS, LLP**

By: /s/ Kristin McDonald
    Kristin McDonald, Esq.
    8502 E. Via de Ventura, Suite 200
    Scottsdale, AZ 85258
    Attorneys for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 10/16/2015, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. This is a single asset real estate case as defined by 11 U.S.C. §101(51B). *See* Debtor's Amendment to Voluntary Petition filed on 11/19/2015 at Dkt #10. *See also* Debtor's Disclosure Statement at page 3, ¶ 12. ("The Debtor's sole asset is the property described on page 4 [Subject Property]."

4. On or about 04/14/2006, Washington Mutual Bank, FA entered into a contract with Michael J. Peloquin and Kay M. Peloquin (hereinafter "Borrowers") wherein Borrowers agreed to pay the amount of $7,757.59, or more, on or before the first day of every month, beginning on or about 06/1/2006. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "B" and Exhibit "A"** respectively. The note is a copy of the promissory note.

5. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Instrument No. 20060521641 in the office of the Maricopa County Recorder.

6. LSF9 Master Participation Trust is now the holder of the Note that is Secured by the Deed of Trust and is the real party in interest. See **Exhibit "C"**.

7. Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petitions was part of a scheme to delay, hinder, and defraud creditors that involved the transfer of all or part ownership of the Property without the consent of Movant or court approval.

8. On or around 10/30/2009, Borrowers transferred their interest in the subject property to Andrew Miller, Trustee of the Peloquin Irrevocable Trust dated October 23rd, 2009, subject to all liens, <u>without the knowledge or consent</u> of the Movant and in violation of the terms of the

Deed of Trust the Borrowers signed. The Warranty Deed was recorded on 11/02/2009 as Recorders No. 20091011815 in the office of the Maricopa County Recorder. **See Exhibit "F"**.

9. On or around 08/26/2010, Neal White, Esq., Successor Trustee of the Peloquin Irrevocable Trust dated October 23rd, 2009, transferred the interest in the subject property to the Debtor, subject to all liens, <u>without the knowledge or consent</u> of the Movant and in violation of the terms of the Deed of Trust the Borrowers signed. The Warranty Deed was recorded on 09/16/2010 as Recorders No. 20100803022 in the office of the Maricopa County Recorder. **See Exhibit "F"**.

10. This subject bankruptcy case is the second bankruptcy filed to unfairly delay Secured Creditor from proceeding with the foreclosure of the subject Property. Secured Creditor is not adequately protected, and cause exists under 11 U.S.C. § 362(d)(1), (2) and (3) for relief from the automatic stay. Secured Creditor is precluded from proceeding with the foreclosure of the subject Property because of the bad faith bankruptcy filings by this Debtor and the Debtors in the prior cases referenced in this motion.

11. Michael J. Peloquin filed a previous Chapter 7 bankruptcy petition in the above-entitled Court on 01/26/2012 as Case Number 2:12-bk-01529-PS. The Movant was granted relief. The said case is currently pending before this court. **See Exhibit "G"** for the PACER Docket and **Exhibit "H"** for the Relief Order.

12. The original principal amount of the Note was $2,240,000.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $13,067.74.

13. The Borrowers and the Debtor have failed to make monthly payments, beginning with the month of 06/01/2010, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Borrowers have been in default for 70 months.

14. A Notice of Trustee's Sale was recorded on 07/14/2015, and the foreclosure sale was scheduled for 10/19/2015.

15. On October 16, 2015, three day prior to the scheduled foreclosure sale, Debtor commenced the above-captioned bankruptcy.

File No. AZ-15-120094                                4                              Case No. 2:15-bk-13269-PS
                                                                                Motion For Relief From Automatic Stay
Case 2:15-bk-13269-PS   Doc 32   Filed 04/18/16   Entered 04/18/16 14:10:59   Desc
                         Main Document      Page 4 of 12

16. As of 03/29/2016, the amount required to fully reinstate the Borrowers' loan is approximately $907,282.64, itemized as follows:

| | | | | |
|---|---|---|---|---|
| DELINQUENCIES: | | | | |
| Monthly Payments: (06/01/2010 through 03/01/2013) | 34 at | $12,971.65 | $ | 441,036.10 |
| Monthly Payments: (04/01/2013 through 03/01/2014) | 12 at | $13,363.29 | $ | 160,359.48 |
| Monthly Payments: (04/01/2014 through 03/01/2015) | 12 at | $13,067.74 | $ | 156,812.88 |
| Monthly Payments: (04/01/2015 through 10/01/2015) | 7 at | $11,815.64 | $ | 82,709.48 |
| Monthly Payments: (11/01/2015 through 03/01/2016) | 5 at | $13,067.74 | $ | 65,338.70 |
| Bankruptcy Attorney Fee: | | | $ | 850.00 |
| Bankruptcy Filing Fee: | | | $ | 176.00 |

17. The next scheduled monthly payment of $13,067.74 is due 04/01/2016, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

18. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 03/29/2016, the approximate total amount owing on the Note secured by the Deed of Trust is $3,083,540.39.

19. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

## **MOVANT IS NOT ADEQUATELY PROTECTED**

20. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Borrowers or the Debtor, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1) and (3)(B).

## DEBTOR HAS NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION

21. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtor has no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

22. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtor's equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity.

23. Movant is informed and believes and therefore alleges that the Debtor and therefore the bankruptcy estate has little or no equity in the property. Pursuant to the Debtor's opinion, the fair market value per Schedule A valuation is $1,400,000.00[1]. A true and correct copy of the Schedule A valuation is attached hereto as **Exhibit "D"** and made part hereof by this reference. Movant reserves the right to obtain an appraisal that may more accurately reflect the value of the Property should valuation become contested.

24. Other than Movant's Deed of Trust, the subject Property is also encumbered by a second Deed of Trust in favor of JP Morgan Chase in the approximate amount of $125,000.00 as set forth in Debtor's Schedule D. **See Exhibit "E"**.

25. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an

---

[1] Secured Creditor retains the right to submit its own evidence of value which may be higher than Debtor's opinion of value in the event a valuation hearing is held pursuant to 11 U.S.C. §506(a)(1).

File No. AZ-15-120094          6          Case No. 2:15-bk-13269-PS
Motion For Relief From Automatic Stay
Case 2:15-bk-13269-PS    Doc 32    Filed 04/18/16    Entered 04/18/16 14:10:59    Desc
Main Document     Page 6 of 12

amount sufficient to cover the creditor's estimated cost of liquidating the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates)</u>, 18 B.R. 283 (Bank. S.D. Cal. 1982).

26. Based upon Movant's past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property.

27. In the present case, the Debtor has little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---:|
| Value | $ | 1,400,000.00 |
| Total Liens to Secured Creditor | $ | 3,083,540.39 |
| Junior Liens | $ | 125,000.00 |
| Less 8% Cost of Sale | $ | 112,000.00 |
| Equity | $ | (1,920,540.39) |

28. While Debtor bears the burden to show the necessity of the property for an effective reorganization, Movant asserts that Debtor cannot establish this burden.

29. A property is "necessary" if it is needed in the operation of a business or to formulate a Chapter 11 plan. *See In re Koopmans* (BC D UT 1982) 22 BR 395, 407. Effective reorganization is interpreted to mean a "reasonable possibility of a successful reorganization within a reasonable time." See *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365,375-376, 98 L.Ed.2d 740, 108 S.Ct. 626 (1988). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization <u>that is in prospect</u>. This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" See *Id*.

30. Evidence that the debtor has proposed a plan that is not feasible or confirmable may be sufficient to show there is no prospect for an effective reorganization. See *In re Sun Valley Newspapers, Inc.* (9th Cir. BAP 1994) 171 BR 71, 73-74, 77; *In re Sun Valley Ranches, Inc.* (9th Cir. 1987) 823 F2d 1373, 1376; *In re Bonner Mall Partnership* (9th Cir. 1993) 2 F3d 889, 917.

31. Notwithstanding the Debtor's only alleged interest in the property is based on fraudulent transfers of title, Debtor acknowledges that it "conducts no business and has no income." *See* ¶3, Disclosure Statement. The Subject Property does not generate a rental income. *See also* Debtor's operating reports.

32. Moreover, Debtor has not proposed a plan that is feasible or reasonably confirmable. Debtor's plan proposes to cram down Secured Creditor's claim while also paying a junior lienholder. Debtor fails to even propose treating any purported deficiency claim as a general unsecured class 3-A claim. Secured Creditor asserts that its claim cannot be modified based on fraudulent transfer of title, Even assuming *arguendo* Debtor could modify Secured Creditor's claim, the proposed plan treatment violates the bankruptcy code including 11 U.S.C. 506(a)(1) and is not fair and equitable. The proposed plan cannot be confirmed in accordance with 11 U.S.C. §1129(b)(2) and the absolute priority rule.

33. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2).

## **THE PROPERTY IS BURDENSOME AND OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE**

34. Movant is informed and believes and therefore alleges that the **Debtor** and the **Debtor's** bankruptcy estate have no equity in the Subject Property. Pursuant to the Debtor's opinion, the fair market value pursuant to Schedule A is 1,400,000.00[2]. A true and correct copy of **Schedule A** is attached hereto as **Exhibit "D".**

35. Other than Movant's Deed of Trust, the Subject Property is also encumbered by additional lien(s) in the approximate amount of $125,000.00 as set forth in **Debtor's** Schedule D. A true and correct copy of the **Debtor's** Schedule D is attached hereto as **Exhibit "E"** and made part hereof by this reference.

---

[2] Secured Creditor retains the right to submit its own evidence of value which may be higher than Debtor's opinion of value in the event a valuation hearing is held pursuant to 11 U.S.C. §506(a)(1).

36. The Subject Property has little or no equity, as evidenced by the approximate market value compared to the total liens encumbering the Subject Property, principally that of Movant herein and the other liens as noted in this Motion.

| | |
|---|---|
| Value | $ 1,400,000.00 |
| Total Liens to Secured Creditor | $ 3,083,540.39 |
| Less 8% Cost of Sale | $ 112,000.00 |
| Equity | $ (1,920,540.39) |

37. Based on the foregoing, Movant alleges that the Subject Property is burdensome and of inconsequential value to the estate and should therefore be abandoned from the Debtor's bankruptcy estate.

38. Based on the foregoing, the moving party further seeks the bankruptcy estate to abandon the subject property 11 U.S.C. §554(b).

39. Based on the foregoing, the moving party further seeks an Order deeming that the Trustee has abandoned the Property from the bankruptcy estate, and, therefore, the Property is no longer is property of the estate.

40. Based on the foregoing, the moving party further seeks the bankruptcy estate to abandon the subject property 11 U.S.C. §554(b).

41. Based on the foregoing, the moving party further seeks an Order deeming that the Debtor in Possession has abandoned the Property from the bankruptcy estate, and, therefore, the Property is no longer is property of the estate.

42. A Notice of Trustee's Sale was recorded on 07/14/2015, and the foreclosure sale was scheduled for 10/19/2015.

43. Movant sent notice as required by Local Rule 4001-1(b).

## **CONCLUSION**

1. Movant's claim is in default and unpaid by the Borrowers or the Debtor.

2. Movant's only form of redress is to look to the secured property.

3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.

4. This property is not required for any reorganization.

5. Movant is not adequately protected.

6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

7. The Subject Property is burdensome and of inconsequential value to the estate and therefore should be abandoned from the Debtor's bankruptcy estate.

### **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

B. The Trustee is hereby deemed to have abandoned the Property from the Debtor's bankruptcy estate, and, therefore, the Subject Property no longer is property of the bankruptcy estate.

C. That Movant may offer loss mitigation alternatives to the Debtor by telephone and/or written correspondence;

D. For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

E. That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor who claims any interest in the Property for a period of 180 days from

the hearing of this Motion without further notice upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law;

  F. That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor may be without further notice upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law;

  G. That the Debtor be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void;

  H. For such other and further relief as the Court deems just and equitable

DATED: April 18, 2016

          **McCARTHY & HOLTHUS, LLP**

          By: /s/ Kristin McDonald
           Kristin Mcdonald, Esq.
           8502 E. Via de Ventura, Suite 200
           Scottsdale, AZ 85258
           Attorneys for Movant

File No. AZ-15-120094    11    Case No. 2:15-bk-13269-PS
Motion For Relief From Automatic Stay

Case 2:15-bk-13269-PS Doc 32 Filed 04/18/16 Entered 04/18/16 14:10:59 Desc
Main Document Page 11 of 12

| | |
|---|---|
| 1 | On 4/18/2016, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF ESTATE PROPERTY** on the following individuals by electronic means through the Court's ECF program: |

COUNSEL FOR DEBTOR
Dennis J. Wortman
Djwortman@Azbar.Org

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/   Bogdan Radulescu
Bogdan Radulescu

On 4/18/2016, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF ESTATE PROPERTY** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

ALL OF THE PARTIES APPEARING ON THE ATTACHED MAILING MATRIX WERE SERVED, LESS THOSE SERVED BY ELECTRONIC MEANS THROUGH THE COURT'S ECF PROGRAM ABOVE.

DEBTOR'S COUNSEL
Dennis J. Wortman, Dennis J. Wortman, P.C. 2432 W. Peoria Ave., Suite 1284 Phoenix, AZ 85029

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/  Christian Aguilar
Christian Aguilar